OA 91   Criminal Complaint

# United States District Court

FILED
2008 JUN 13 PM 2:29
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA  E-FILING
V.
XUNMEI "GRACE" LI, and
GANG "STEVEN" CHEN

CRIMINAL COMPLAINT

Case Number:

(Name and Address of Defendant)

**08-70356**  RS

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about 1/19/1995 through 6/13/2008 (Date) in Santa Clara County, in the Northern District of California defendant(s) did,

(Track Statutory Language of Offense)

conspire to commit an offense against the United States, to wit, a violation of 18 U.S.C. 1425(b), in that the defendants did agree to procure, obtain, and apply for naturalization and citizenship of the United States for a person not entitled thereto, and did attempt to do so; and that in furtherance of the conspiracy, one and more conspirators committed the following overt acts: (1) on or about September 27, 2004, LI submitted a fraudulent petition for naturalization to the U.S. Citizenship & Immigration Services (CIS); and (2) on or about February 15, 2006, CHEN submitted a fraudulent petition for naturalization to the CIS;

in violation of Title   18   United States Code, Section(s)   371 and 1425(b)   .

I further state that I am a(n)   Special Agent, ICE   and that this complaint is based on the
                                  Official Title
following facts:

SEE ATTACHED AFFIDAVIT OF MALACHY J. DILLON

PENALTIES: up to 10 years imprisonment, $250,000 fine, 3 year TSR, $100 SAF

REQUESTED BAIL: No Bail (Government Will Request Detention)

REQUESTED PROCESS: Arrest Warrant for each named defendant

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Approved
As To
Form:  _____
           AUSA

_____
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

6/13/08
Date

at   SAN JOSE, CALIFORNIA
     City and State

RICHARD SEEBORG   United States Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT

I, Malachy J. Dillon, Special Agent with the Department of Homeland Security, U. S. Immigration & Customs Enforcement, being duly sworn, state the following:

## AGENT'S BACKGROUND

1. I am a Special Agent with the Department of Homeland Security ("DHS"), U. S. Immigration & Customs Enforcement ("ICE"), assigned to the office of the Assistant Special Agent in Charge, San Jose, California, and have been so employed since March 1, 2003. From June 30, 2002 through February 28, 2003, I was a Special Agent with the former U. S. Customs Service prior to its being merged into ICE. Prior to my becoming a Special Agent I was an Inspector with the U. S. Customs Service for three and a half years at the San Francisco International Airport.

2. I attended the Federal Law Enforcement Training Center in Glynco, Georgia for approximately seven months. Specifically, I attended the Basic Customs Inspector Course for three months, the Criminal Investigator Training Program for two months, and the Customs Basic Enforcement School for two months. I am a graduate of Purdue University in West Lafayette, Indiana, with a Bachelor of Arts degree in Law and Society.

3. As an ICE Special Agent, I am assigned to conduct investigations involving violations of U.S. Code dealing with Customs and Immigrations issues. My current responsibilities include investigations involving commercial fraud and illegal exports from the U.S. of U.S. Munitions List items and "high tech" merchandise, to include software, hardware, and technical data.

## SUMMARY OF INVESTIGATIVE PURPOSE

4. This affidavit is made in support of a criminal complaint for the arrest of Xunmei "Grace" Li ("LI") and Gang "Steven" Chen ("CHEN"). As set forth more fully herein, there is probable cause to believe that LI and CHEN made material omissions and false statements on U.S. Citizenship & Immigration

Services ("CIS") applications for Legal Permanent Resident ("LPR") status and U.S. citizenship in violation of the following federal statutes:

## STATUTORY BACKGROUND

**Title 18, United States Code, Section 1425 (Procurement of Citizenship or Naturalization Unlawfully)** – (b) Whoever, whether for himself or another person not entitled thereto, knowingly issues, procures or obtains or applies for or otherwise attempts to procure or obtain naturalization, or citizenship, or a declaration of intention to become a citizen, or a certificate of arrival or any certificate or evidence of nationalization or citizenship, documentary or otherwise, or duplicates or copies of any of the foregoing – shall be [various punishment levels are provided. The maximum term of imprisonment applicable to these facts is ten years].

**Title 18, United States Code, Section 371 (Conspiracy)** – If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons does any act to effect the object of the conspiracy [five year maximum].

**Title 18, United States Code, Section 1001(a) (False Statements)** – (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully – (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry [five year maximum on these facts].

**Title 18, United States Code, Section 1015(a) (Fraud and False Statements in Relation to Naturalization, Citizenship, or Alien Registry)** – (a) Whoever knowingly makes any false statement under oath, in any case, proceeding, or matter relating to, or under, or by virtue of any law of the United States relating to naturalization, citizenship, or registry of aliens [five year maximum].

## FACTS SUPPORTING PROBABLE CAUSE

5. As the facts set forth in this affidavit reveal, CHEN and LI have engaged in a pattern of fraudulent activity for the purpose of obtaining immigration benefits from the U.S. government. As a direct result of their false statements and material omissions, LI was naturalized as a U.S. citizen in May 2005, and CHEN obtained LPR status in August 2001. CHEN has a pending petition to become a U.S. citizen with CIS.

6. **LI Becomes a United States Citizen.** On January 19, 1995, LI was admitted into the U.S. on an H-1B, non-immigrant "Specialty Worker" visa. On February 11, 1997, LI married Antony Bambrough (BAMBROUGH), a naturalized U.S. citizen originally from Australia, who subsequently petitioned the U.S. government for LI to obtain LPR status. LI received full (as opposed to "conditional") LPR status on March 21, 2002.

7. On September 8, 1999, LI gave birth to a daughter, Daphne Li-Chen, in Hackensack, NJ. BAMBROUGH was originally shown as the father on the birth certificate, but the name of the father was changed to "Gang Chen" on October 21, 1999. On February 7, 2002, LI gave birth to a second daughter, Esther Li-Chen. LI and CHEN were listed as the parents on this child's birth certificate.

8. On July 5, 2002, LI and CHEN were married in San Jose, California -- although both LI and CHEN were legally married to others at that time: LI was still married to BAMBROUGH and CHEN was married to Wei Tian (see below).

9. On March 9, 2004, BAMBROUGH's petition to divorce LI was granted in Bergen County, New Jersey.

10. On September 27, 2004, while living in San Jose, California, LI applied to become a naturalized U.S. citizen. Her petition for naturalization was approved following her interview by a CIS adjudicator. That interview took place in San Jose on April 18, 2005. On May 5, 2005 LI became a U.S. citizen.

11. **Chen Becomes a LPR.** CHEN, a citizen of the People's Republic of China (PRC), originally entered the U.S. on March 9, 1997 on a B-1 business visa. On November 3, 1997, CHEN's visa status was adjusted to that of H1-B non-immigrant specialized worker. The corporate sponsor for this change in CHEN's visa status was U.S. Investment Security Group (USISG) of Fort Lee, New Jersey, a purported subsidiary of Chen's Decoration, Design, & Engineering (CDDE), a company based in the People's Republic of China. On December 8, 1998, USISG filed a petition with the former Immigration & Naturalization Service (INS) to adjust CHEN's status from H1-B to that of LPR immigrant. (LPR status is a necessary step toward becoming a United States citizen.) In the petition, CHEN is listed as the "President" of USISG. One "Danna Seabron" signed the petition on behalf of USISG.

12. Submitted with CHEN's LPR petition were several documents, including a letter signed by Ms. Seabron. In that letter, Ms. Seabron stated that CDDE had numerous overseas business concerns and that USISG was responsible for generating over $1.8 million in revenues in the United States from the import/export of textiles (fashion garments, clothing). Also submitted in support of the petition were federal tax returns, State of New Jersey wage and tax statements, a letter of incorporation, and associated business documents for USISG.

13. On July 26, 2007, ICE agents who visited 7 Hazlitt Avenue in Fort Lee, New Jersey, the address listed for USISG, discovered that it was a single-family home in a residential neighborhood.

14. On August 26, 1999, CHEN married Wei Tian ("TIAN"), a citizen of the People's Republic of China ("PRC"), who was in the U.S. under an F-1, non-immigrant "Student" visa. The two were married in Queens, New York.

15. On September 6, 1999, CHEN submitted a petition to adjust his status to that of LPR, based on the application by his sponsor, USISG. That petition was granted on August 4, 2001.

16. On October 17, 2005, CHEN and TIAN were divorced.

17. On February 15, 2006, CHEN submitted a petition to become a U.S. citizen. That petition was sent from Palo Alto, California, where CHEN was then residing. CHEN's naturalization petition is pending as of the date of this affidavit.

18. **USISG is a Bogus Company.** Investigation has revealed that USISG was a fictitious entity created, if not entirely then at least in substantial part, to assist CHEN, LI, and possibly others fraudulently to obtain immigration status and benefits from the U.S. government. Based on information listed on documents submitted to CIS and other federal agencies, USISG had a corporate structure as follows:

| | |
|---|---|
| Steven CHEN | President |
| Danna Seabron ("SEABRON") | Vice President |
| Shaohong Li ("SHAO") | Vice President |
| Grace LI | Corporate Secretary |
| Antony BAMBROUGH | Strategic Sales Manager-Marketing |
| Yue Qing "Pearl" Lin ("LIN") | Marketing & Strategic Sales Manager. |

19. On September 27, 2007, agents interviewed SEABRON. During the interview, SEBRON advised agents that she had never worked for nor heard of USISG, nor was she familiar with CHEN, LI or any of the others listed as employees of that company. Agents showed SEABRON copies of the documents CHEN had submitted in support of his LPR petition. SEABRON confirmed that the Social Security number listed for her on a USISG document was correct, but that her purported signature on that document was not. Agents compared the signature on SEABRON's driver's license to the one contained on the USISG letter and found significant differences. Perhaps the most notable discrepancy was that the SEABRON's purported signature on the USISG document letter had a middle initial of "N" – her true middle name, however, is "Monique."

20. LI was listed as the "Corporate Secretary" on USISG documents submitted by CHEN in support of his application for naturalization/citizenship. A review of the immigration file for LI revealed that LI did not list USISG as a previous employer.

21. LIN, a naturalized U.S. citizen, was listed as the "Marketing & Strategic Sales Director" in USISG documents submitted by CHEN. A review of LIN's immigration file revealed that she listed two previous employers between October 1994 and July 28, 2003, neither of which was USISG.

22. SHAO was listed as a "Vice President" in USISG documents submitted by CHEN. A review of SHAO's immigration file revealed no mention of her having ever been employed by USISG.[1]

23. On July 25, 2007, agents interviewed BAMBROUGH in his apartment in Fort Lee, NJ. BAMBROUGH was listed as a "Strategic Sales Manager" in USISG documents CHEN submitted in support of his petition. Agents advised BAMBROUGH that he was listed as having worked for USISG in the 1999-2000 timeframe. BAMBROUGH told agents he remembered having seen the name "USISG" on papers belonging to his former wife, but told agents that he had never worked for USISG nor received any salary income from USISG. BAMBROUGH advised agents that he was receiving disability payments during that time frame, and was restricted to earning no more than $550

---

[1] SHAO was convicted of grand larceny on March 31, 2004 in New York, and sentenced to 2-5 years in prison. SHAO was subsequently deported from the U.S. to China on September 12, 2005.

per month from employment. Regardless of the restriction, BAMBROUGH stated he never worked for USISG, and therefore was never paid anything. (It should also be noted that BAMBROUGH was questioned regarding the dubious nature of his marriage to LI. Despite the questionable circumstances, BAMBROUGH insisted that the marriage was not fraudulent.)

24. **False Statements by LI in her Naturalization Petition.** LI signed and dated her naturalization petition on August 16, 2004 and again during her naturalization interview on June 18, 2005, thereby confirming under penalty of perjury that the information provided by her was true and accurate. A review of the naturalization petition submitted by LI to CIS revealed the following material false statements and/or omissions which enabled her to fraudulently obtain U.S. citizenship:

* Page 2, Part 3: "What is your current marital status?" LI marked the box indicating "Divorced" thereby concealing her marriage to CHEN;

* Page 3, Part 6: "Where have you worked during the last 5 years?" LI did not list USISG as a former employer. Documents submitted by CHEN, and contained in his CIS file, stated that LI was a USISG employee from as early as 1997 through June 2000. Those documents included a Form I-9 "Employment Eligibility Verification" dated November 23, 1997, W-2 forms, and wage and withholding statements for LI;[2]

* Page 4, Part 8, Question A: "How many times have you been married?" LI listed one (1) previous marriage to BAMBROUGH, but failed to state that she was currently married to CHEN. Question B asked, "If you are now married, give the following information about your spouse." LI left this section blank thereby concealing her marriage to CHEN. The petition also requested identifying information about LI's spouse, which she also left blank;

* Page 6, Part 9, Question A: "How many sons and daughters have you had?" LI left this section blank thereby concealing her two (2) children with CHEN. Question B asked LI to list

---

[2] Based on the evidence, LI's failure to include USISG as an employer was almost certainly true, not false. USISG appears to have been a shell used by CHEN to obtain status in the United States. This statement is included under "false statements" by LI only to highlight the discrepancy between CHEN's and her petitions.

-6-

identifying information about her children; she left this area blank as well;

* Page 8, Part 10, Section D, Question 22(d): "Have you ever been married to more than one person at the same time?" LI marked the box indicating "No" thereby concealing the fact that between July 5, 2002 and March 9, 2004 LI was married to both BAMBROUGH and CHEN.

25. Interestingly, agents have since discovered that LI married Stephen Greschner (GRESCHNER), a U.S. citizen who is the Chief Executive Officer of a company in Arizona called Hummingbird Defense Systems, on May 30, 2006. Agents have not, however, been able to find any evidence that LI and CHEN were ever divorced.

26. **False Statements by CHEN in His Naturalization Petition.** CHEN signed and dated his naturalization petition on February 7, 2006 thereby stating that all information provided by him was true and accurate. Again, CHEN's petition has not been adjudicated as of the date of this affidavit. A review of the naturalization petition submitted by CHEN to CIS revealed the following false statements and/or material omissions:

* Page 4, Part 8, Question B-3 asked for the date of marriage to the spouse identified in Question B-1 which CHEN listed as LI. CHEN listed December 19, 2005 as their date of marriage thereby concealing the fact they were actually married on July 5, 2002. Had CHEN listed the correct date of marriage he would have admitted to having been married to both TIAN and LI between July 5, 2002 and October 17, 2005. Of note, LI was still married to BAMBROUGH up until their divorce on March 9, 2004;

* Page 5, Part 8, Question G: "How many times has your current spouse been married?" CHEN, who had identified LI as his current spouse in a previous question, listed one (1) previous marriage for LI. The petition asked additional questions about the spouse's (LI's) previous marriage which CHEN left blank. CHEN knew of LI's marriage to BAMBROUGH because he had submitted a letter to CIS in support of LI's petition to become an LPR stating LI and BAMBROUGH were "very happy" together and they "have deep feelings for each other;"

*Page 8, Part 10, Section D, Question 22(d): "Have you ever been married to more than one person at the same time?" CHEN marked the box indicating "No" thereby concealing the fact that he was married to TIAN and LI between July 5, 2002 and October 17, 2005 when CHEN divorced TIAN.

27. **Interview of Adjudicator Proves Materiality of the False Statements and Omissions.** On June 15, 2007, agents interviewed Que-Huong Nguyen, the CIS adjudicator who processed LI's naturalization

-7-

petition as well as interviewed her pursuant to that petition. Agents showed LI's naturalization petition to Ms. Nguyen, and proceeded to ask her a series of hypothetical questions based on the information agents had learned about LI over the course of the investigation. Taking into account the information obtained by agents, and assuming LI had been truthful in her answers on the petition, Ms. Nguyen said she would have denied LI's petition for failure to demonstrate good moral character (*i.e.*, being married to two men at the same time for a period of two years.) Ms. Nguyen identified numerous instances on the petition where if LI had provided truthful answers, Ms. Nguyen would have denied the petition. Instead, relying on the false answers provided to her by LI, Ms. Nguyen approved LI's petition which resulted in LI obtaining U.S. citizenship unlawfully.

28. As previously mentioned, CHEN made similar false statements on his naturalization petition regarding how many women he was married to at the same time. Based on the interview of Ms. Nguyen, it would be reasonable to assume that CHEN's petition to become a U.S. citizen would also be denied for failure to demonstrate good moral character, had he been truthful in his petition. The number of material misstatements and omissions in CHEN's petition are even greater than those in LI's, as CHEN, in addition to the marriage shenanigans, appears to have gone to great lengths to create the appearance of a connection with a bogus company, USISG, in order to obtain legal status in the United States.

## VENUE EXISTS IN SAN JOSE

29. During most of the period covered by this affidavit, defendants LI and CHEN were living in New Jersey and, more recently, in Arizona (where they currently reside). However, venue for this prosecution exists in San Jose because both LI and CHEN submitted their naturalization petitions from this district. In addition, LI's naturalization interview occurred in San Jose.

//

//

//

//

//

## CONCLUSION

30. Based on the information set forth in this affidavit, I believe there is probable cause that LI and CHEN made false statements and material omissions in their applications to CIS which resulted in their obtaining immigration and citizenship benefits from the U.S. government. I respectfully request that warrants for their arrest be issued for violations of Title 18, USC 1425(b) (Procurement of Citizenship or Naturalization Unlawfully), Title 18 USC 371 (Conspiracy), Title 18 USC 1001(a) (False Statements), Title 18 USC 1015(a) (Fraud and False Statements in Relation to Naturalization, Citizenship, or Alien Registry).

_6-13-08_
Date

_Malachy J. Dillon_
Malachy J. Dillon
Special Agent
ICE

Subscribed and sworn to before me this

_13TH_ day of ~~May~~ June, 2008

_Richard Seeborg_
RICHARD SEEBORG
United States Magistrate Judge
Northern District of California

-9-